COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


FOOD LION, INC.
                                           OPINION BY
v.    Record No. 1739-98-2        JUDGE SAM W. COLEMAN III
                                          JUNE 8, 1999
CURTIS T. NEWSOME


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Cathie W. Howard (Tenley A. Carroll-Seli;
        Pierce & Howard, P.C., on brief), for
        appellant.

        Ruth E. Nathanson (Maloney, Huennekens,
        Parks, Gecker & Parsons, on brief), for
        appellee.


     This appeal from an award of temporary total disability

benefits by the Workers' Compensation Commission concerns the

effect of an employee's being terminated for cause from

selective employment provided by the employer upon the

employee's ability to cure the "constructive refusal" of

selective employment.  First, employer asserts that after a

claimant cures an unjustified refusal of employer-provided

selective employment, a future justified refusal of the curative

employment is, in effect, a continuation of that pre-cure

refusal for which the employer should have no liability.

Alternatively, the employer asserted at oral argument that

because employer provided the employee selective employment,

which the employee "constructively refused" by being terminated for cause, the employer's liability for subsequent periods of disability should be limited to the difference between the "constructively refused" selective employment wage and the pre-injury wage.  We disagree with both contentions, and we affirm the commission's award of temporary total benefits.

After receiving a compensable low back injury in July 1996 while working for Food Lion, Inc., Curtis T. Newsome received benefits for various periods of temporary total and partial disability.  He returned to a light duty job with Food Lion but was terminated for cause in January 1997 for failing to comply with established company rules and receiving six "constructive advice" memos within two years.

Pursuant to company policy, Food Lion would not rehire Newsome.  However, Newsome obtained other selective employment at a wage equal to or greater than his Food Lion selective employment wage.  Thereafter, Newsome changed jobs several times, each time increasing his wage and thereby proportionately decreasing Food Lion's obligations to pay partial disability benefits.  However, in August 1997 Newsome's doctor revised Newsome's employment restrictions to limit his forward bending.  In order to comply with his doctor's restrictions, Newsome had to terminate his job. He remained unemployed for seven and one-half weeks, during which time he sought other employment within his medical limitations.

-

The employer filed an application to terminate or suspend the outstanding temporary partial disability benefits award, and Newsome filed for temporary total benefits.  Evidence at the evidentiary hearing proved Newsome sought and found new employment within his work capacity at still a higher salary than his former selective employment.  The commission found that Newsome effectively marketed his residual work capacity during this period and awarded him temporary total disability benefits.  On appeal, Food Lion argues that although Newsome marketed his residual capacity, he should be denied benefits because he had previously been terminated for cause from the selective employment that Food Lion had provided.

### ANALYSIS

An employee who unjustifiably refuses selective employment forfeits his entitlement to wage-loss benefits "during the continuance of such refusal."  Code § 65.2-510.  An injured employee terminated for misconduct forfeits his or her wage compensation benefits and is not eligible to cure his or her refusal of selective employment. See Chesapeake & Potomac Telephone Co. v. Murphy, 12 Va. App. 633, 639-40, 406 S.E.2d 190, 193, aff'd en banc, 13 Va. App. 304, 411 S.E.2d 444 (1991); but see Eppling v. Schultz Dining Programs, 18 Va. App. 125, 128-30, 442 S.E.2d 219, 221-22 (1994) (finding that a termination "for cause" does not work a forfeiture of claimant's eligibility to

-

cure a constructive refusal of selective employment where claimant's conduct does not rise to the level of misconduct). Here, the commissioner found that because Newsome was not terminated for misconduct as in Murphy, he was eligible to cure the constructive refusal. Employer does not appeal that finding.

According to Food Lion, however, although Newsome cured his refusal of selective employment, Newsome's seven and one-half weeks of unemployment were a continuation of his pre-cure refusal of selective employment. Food Lion argues that were it not for Newsome's original termination for cause from Food Lion, he would not have suffered the period of unemployment at issue. Food Lion offered evidence that had Newsome stayed with Food Lion, Food Lion's established light duty program would have adjusted his duties to comply with the doctor's restrictions. Therefore, Food Lion argues that the seven and one-half weeks of unemployment are, in effect, an extension of the pre-cure unemployment during which Newsome was ineligible for wage-loss benefits.

Food Lion's construction of the Act is inconsistent with the Act's plain language. Under Code § 65.2-510, once an employee has cured an unjustified refusal of selective employment, he or she is entitled to reinstatement of benefits if the employee reasonably markets his or her residual capacity. Once an employee cures an unjustified refusal of employment, Code § 65.2-510 returns the parties to their pre-refusal status, and Code § 65.2-502 obligates

-

the employer to pay partial incapacity benefits. When an employee has cured an unjustified refusal of selective employment, the Act creates no ongoing obligation on the employee's part to establish that he or she is "still curing the earlier refusal," other than the requirement that the employee make reasonable efforts to market his or her residual capacity. See Code § 65.2-510; Holly Farms v. Carter, 15 Va. App. 29, 42, 422 S.E.2d 165, 171-72 (1992).

Newsome terminated his curative employment based on medical restrictions that prevented him from performing his job. Newsome established that he thereafter reasonably marketed his residual capacity without success for seven and one-half weeks. Although Food Lion posits that it was Newsome's initial termination for cause from Food Lion that prevented him from working during the period of unemployment, Newsome cured that unjustified refusal. Once cured, under Code § 65.2-510, Newsome was entitled to reinstatement of benefits so long as he reasonably marketed his residual capacity.

Code § 65.2-510 allows employees to cure an unjustified refusal of selective employment by obtaining equivalent selective employment. During the continuance of the refusal, prior to the cure, Code § 65.2-510 suspends benefits and relieves the pre-injury employer from any obligation to pay wage-loss benefits. But, Code § 65.2-510 provides for suspension of benefits only

-

during the continued unjustified refusal of selective employment. Once an employee has cured the unjustified refusal, he or she is entitled to reinstatement of benefits when the employee is disabled and reasonably markets his or her residual work capacity. We decline to adopt a rule as proposed by Food Lion that the justified refusal of selective employment that had cured prior unjustified refusal of selective employment provided by the employer, in effect, constitutes a continuation of the prior unjustified refusal.  Additionally, because Newsome properly cured his refusal of selective employment, as long as he fully markets his residual capacity, we find no authority to limit the employer's liability to the difference between Newsome's refused selective employment wage and his pre-injury wage.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

-