COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


HOY CONSTRUCTION, INC. AND
 LIBERTY MUTUAL FIRE INSURANCE CO.

v.    Record No. 2152-99-1

HOWARD FLENNER                                    OPINION BY
                                            JUDGE RICHARD S. BRAY
HOWARD FLENNER                                    MAY 2, 2000

v.    Record No. 2229-99-1

HOY CONSTRUCTION, INC. AND
 LIBERTY MUTUAL FIRE INSURANCE CO.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Bradford C. Jacob (Taylor & Walker, P.C., on
              briefs), for Hoy Construction, Inc. and
              Liberty Mutual Fire Insurance Co.

              C. Allen Riggins (Parker, Pollard & Brown,
              P.C., on briefs), for Howard Flenner.


     Hoy Construction, Inc. and Liberty Mutual Fire Insurance Co.

(collectively employer) appeal an award of temporary total

disability benefits to Howard Flenner (claimant), upon his change

of condition application.  Employer contends that the award is

barred by Code § 65.2-510 and, moreover, is unsupported by the

evidence.  Claimant cross-appeals, complaining that the commission

erroneously construed Code § 65.2-510 to preclude temporary

partial disability compensation, following the award of temporary

total disability benefits.  Agreeing both with the commission's

application of the statute and the award of benefits to claimant, we affirm the decision.

Claimant suffered an industrial injury on September 2, 1995. Employer accepted the resulting claim as compensable, and claimant received temporary total disability benefits. On April 8, 1996, Dr. David Biondi, a neurologist, released claimant to restricted work, but claimant refused employer's offer of selective employment, prompting employer to request the commission to terminate benefits. On August 20, 1996, the commission granted employer relief, effective April 12, 1996, noting that "claimant conceded that he refused the selective employment due to physical problems unrelated to the work injury" and had "offered no . . . justification" for his conduct. Claimant did not appeal the decision or cure such refusal within six months of April 12, 1996.

On May 7, 1997, claimant filed the instant application with the commission, alleging a change of condition and seeking temporary total disability benefits, commencing February 24, 1997, through October 13, 1997, with temporary partial benefits thereafter. Employer asserted Code § 65.2-510[1] as an absolute bar

---

[1] Code § 65.2-510 provides, in pertinent part,

> A. If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for in §§ 65.2-503 [permanent loss] and 65.2-603 [employer's duty to furnish medical care], . . . during the continuance of such refusal, unless in

-

to relief and, also, challenged the claim on the merits.  Claimant

countered that the statute was inapplicable both to a total

disability that occurred after an unjustified refusal of selective

employment and to a subsequent partial disability.

Following consideration of the record and arguments on

appeal, the commission determined that claimant had suffered a

temporary total disability after his unjustified refusal of

selective employment and awarded attendant benefits, reasoning

that the bar of Code § 65.2-510 is inapplicable to a subsequent

total disability.  However, the commission further concluded that

the statute precluded benefits for any subsequent partial

disability and denied such claim.  Both employer and claimant

appeal.

---

the opinion of the Commission such refusal
was justified.

\*      \*      \*      \*      \*      \*      \*

C.  A cure of unjustified refusal pursuant
to subsection A may not be established if
the unjustified refusal lasts more than six
months from the last day for which
compensation was paid before suspension
pursuant to this section; however, the
six-month period may be extended by the
number of days a claimant is totally
disabled if the disability commenced during
such six-month period. . . .

(Emphasis added.)

-

I.

<u>Employer's Appeal</u>, Record No. 2152-99-1

While the instant appeal was pending in this Court, we decided, in <u>Southwest Virginia Tire, Inc., et al. v. Bryant</u>, 31 Va. App. 655, 525 S.E.2d 563 (2000), that "Code § 65.2-510 does not have any bearing upon a change-in-condition application for an employee who becomes totally disabled as a result of the industrial injury." <u>Id.</u> at 659, 525 S.E.2d at ___. Thus, the commission correctly ruled that the statute does not bar the disputed award, upon proof of a change in condition resulting in temporary total disability, notwithstanding claimant's failure to cure the earlier unjustified refusal of selective employment within six months.

Employer, however, also contends that claimant's evidence failed to prove a total disability for the period in issue. "Following established principles, we review the evidence in the light most favorable to the prevailing party." <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." <u>Southern Iron Works, Inc. v. Wallace</u>, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary

-

finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va.
App. 276, 279, 348 S.E.2d 876, 877 (1986).  "This rule applies
when an expert's opinion contains internal conflict."  Greif
Companies/Genesco, Inc. v. Hensley, 22 Va. App. 546, 552, 471
S.E.2d 803, 806 (1996).

In awarding claimant temporary total disability benefits,
the commission reviewed the deposition of Dr. Robert Hansen, a
neurologist, together with the related reports, notes and
correspondence of Dr. David Biondi and Dr. Kerri L. Wilkes, a
"headache specialist."  While we concur in the commission's
observation that "it is difficult to determine Dr. Hansen's true
opinion about claimant's ability to work," we also agree that
sufficient evidence established a total disability for the
period.

On April 18, 1997, Dr. Hansen noted that claimant had

> not been cleared to return to work.  He has
> been felt in the past, both by Dr. Biondi
> and by myself, to have achieved maximal
> medical improvement (MMI). . . . I think it
> is appropriate . . . to have an FCE
> [Functional Capacity Evaluation] performed.
> Return to work recommendation can be
> generated on the basis of the FCE.

Dr. Hansen further recorded, on April 30, 1997, that
claimant had

> been followed . . . for some time with axial
> pain and headaches. . . . The pain has been
> very difficult to control.  Recently, he has
> had more pain and headaches . . . [and] was
> deemed by me to be unable to return to work,
> as of 2/24/97, because of the problems

-

. . . . At the present time, [he] is not able to return to work.

Following the FCE, Dr. Wilkes released claimant to work on July 3, 1997, and Dr. Hansen "deferred" to such recommendation.

Thus, despite a sometimes contradictory deposition by Dr. Hansen, a review of the entire record provides sufficient support for the commission's decision.

## II.

## Claimant's Appeal, Record No. 2229-99-1

It is uncontroverted that the commission previously terminated claimant's original award of disability benefits, effective April 12, 1996, upon a finding that he refused selective employment without justification. Subject to certain exceptions not pertinent to the instant proceedings, Code § 65.2-510(A) provides for the termination of benefits to an "injured employee refus[ing] employment procured for him suitable to his capacity." Code § 65.2-510(C) prevents an injured employee from curing an unjustified refusal of selective employment that "lasts more than six months from the last day for which compensation was paid before suspension pursuant to this section[.]" Thus, when claimant failed to cure his unjustified refusal of selective employment on or before October 12, 1996, his right to cure and pursue reinstatement of partial disability benefits was lost.

-

Claimant's contention that Code § 65.2-510(C) does not operate to bar the restoration of partial disability benefits following an intervening period of compensable total disability is without merit. The commission correctly applied Code § 65.2-510(C) to deny claimant renewed partial disability benefits, reasoning that "an employee who did not cure an unjustified refusal within six months forever loses the right to additional temporary partial benefits . . . ." This result comports with the "unambiguous, . . . plain meaning" of Code § 65.2-510(C), and we need not "resort to the rules of statutory construction" to divine legislative intent. <u>Last v. Virginia State Bd. of Med.</u>, 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992). Contrary to claimant's argument, the statute does not exempt his "refusal for medical reasons" or establish distinctions between degrees of partial incapacity.

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>