COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


BILLY R. SHEA
                                        MEMORANDUM OPINION* BY
v.    Record No. 2532-99-2        JUDGE RUDOLPH BUMGARDNER, III
                                             MAY 16, 2000
TRANSPORTATION UNLIMITED, INC. AND
 LUMBERMEN'S UNDERWRITING ALLIANCE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Gregory O. Harbison (Geoffrey R. McDonald;
              Geoffrey R. McDonald & Associates, P.C., on
              brief), for appellant.

              E. Scott Austin (Monica L. Taylor; Gentry,
              Locke, Rakes & Moore, on brief), for
              appellees.


     Billy R. Shea appeals a decision of the Workers'

Compensation Commission that he unjustifiably refused selective

employment offered by Transportation Unlimited, Inc.  The

employee contends the offer of selective employment was not bona

fide and his refusal to accept was justified.  Finding no error,

we affirm.

     On appeal, we view the evidence and all reasonable

inferences deducible from it in the light most favorable to the

prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins,

10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The factual

───────────────────────
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

findings by the commission that are supported by credible evidence are conclusive and binding upon this Court.  See Code § 65.2-706; Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

The employer is a national company that leases drivers to trucking companies.  The employee suffered a compensable injury to his back while working as a truck driver for the employer on November 19, 1995.  The employer compensated the employee for temporary total disability benefits.

The employee was released to restricted work June 6, 1998. The employer's industrial claims manager, Brian Beck, reviewed the employee's job restrictions with its insurer and its account representative in Virginia, Glen Pauley.  Together they found a "QAT supervisor" position for which the employee was suited. The employee's physician approved the position for the employee.

QAT is the employer's only customer in Virginia.  A "QAT supervisor" worked for the employer supervising its drivers at the QAT site in Petersburg but was not an employee of QAT.  The employer used the term, "QAT supervisor," as its internal designation of the customer site at which its supervisor worked.

By letter dated July 27, 1998, Beck offered the "QAT supervisor" position to the employee and advised him to contact Pauley for his "work assignment and reporting details."  The employee called Pauley to report to work.  At that time, Pauley told the employee that he could not accept the job because he

-

had been barred from QAT's property by a restraining order. Shortly after his injury in 1995, the employee was convicted of larceny of skids owned by QAT. The court barred him from QAT's property.

The employee contends the employer offered him a job they knew he could not accept. The deputy commissioner found the employer's offer of selective employment was bona fide and within the employee's residual capacity and concluded the employee unjustifiably refused the offer. The commission affirmed that decision.

To establish unjustified refusal of selective employment, an employer must prove a bona fide offer within the employee's residual capacity. See American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985). Beck testified that the employer had four other employees working as supervisors of its drivers at the QAT site. Beck testified that he was unaware the employee was barred from entering upon QAT's property. The QAT supervisor position existed, was available, and was approved by the employee's physician. Credible evidence supports the commission's decision that the employer tendered an offer of selective employment within the employee's residual capacity.

"[W]hen an employer invokes the bar of Code § 65.2-510 and establishes that an injured employee has been offered employment suitable to his residual capacity, the burden of persuasion shifts to the employee to show justification for refusing the

-

offer."  Ballweg v. Crowder Contracting Co., 247 Va. 205, 209, 440 S.E.2d 613, 615 (1994) (citations omitted).  An employee has not been entitled to compensation benefits when his refusal is based upon willful conduct after the work injury, and not his physical disabilities related to the injury.  See Johnson v. City of Clifton Forge, 9 Va. App. 376, 377, 388 S.E.2d 654, 655 (1990) (en banc) (claimant's poor performance during interview, which precluded offer of selective employment, amounted to unjustified refusal); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (employee's refusal to cooperate with placement efforts tantamount to refusal of employer's offer).

Similarly, compensation benefits were terminated for employees discharged for cause from selective employment.  See Marval Poultry Co. v. Johnson, 224 Va. 597, 601, 299 S.E.2d 343, 345 (1983) (employee discharged for dishonesty from employment secured by employer forfeits benefits); Goodyear Tire & Rubber Co. v. Watson, 219 Va. 830, 833, 252 S.E.2d 310, 312-13 (1979) (employee justifiably discharged from employment secured by employer for poor work performance is not entitled to benefits).

After his injury, the employee was convicted of stealing from QAT and barred from its premises.  Beck was unaware of the restraining order.  The employee, not the employer, was responsible for the wage loss "properly attributable to his wrongful act rather than his disability."  Chesapeake & Potomac

-

Telephone Co. v. Murphy, 12 Va. App. 633, 639-40, 406 S.E.2d 190, 193, aff'd en banc, 13 Va. App. 304, 411 S.E.2d 444 (1991). See also Richfood, Inc. v. Williams, 20 Va. App. 404, 410, 457 S.E.2d 417, 420 (1995) (employee's failure to pass drug test resulted in termination for cause and a forfeiture of benefits). Cf. Food Lion, Inc. v. Newsome, 30 Va. App. 21, 24, 515 S.E.2d 317, 319 (1999) (employee not terminated for misconduct is entitled to cure constructive refusal).

For these reasons, we affirm the commission's finding that the employee unjustifiably refused selective employment.

Affirmed.

-