COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Kelsey
Argued at Chesapeake, Virginia


MINTON & ROBERSON, INC. AND
  COMMONWEALTH CONTRACTORS
  GROUP SELF-INSURANCE ASSOCIATION

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2442-05-1                            JUDGE ROBERT P. FRANK
                                                              MAY 9, 2006
MICHAEL ANTHONY WYNTER


                     FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Matthew D. Pethybridge (Carr & Porter, LLC, on brief), for
               appellants.

               W. Mark Broadwell (Forbes & Broadwell, on brief), for appellee.


        Minton & Roberson, Inc., and its insurer, Commonwealth Contractors Group

Self-Insurance Association (collectively employer), appeal an award of the Virginia Workers'

Compensation Commission to claimant, Michael A. Wynter, contending the commission erred

in:  (1) finding the evidence sufficient that claimant cured his unjustified refusal of selective

employment; (2) computing the temporary partial disability benefits; and (3) not remanding the

case to the deputy commissioner for further factual findings.  For the reasons stated, we affirm.

                                           BACKGROUND

        Claimant received a compensable injury to his back and face on December 17, 2002

while working for employer as a sheet metal mechanic.  Claimant received treatment for his

injuries, including cervical spine surgery.  He returned to light duty employment with employer

on or about December 22, 2003, with restrictions on lifting, climbing, crawling, and other

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

activities. He was paid his pre-injury hourly wage. During this period of time, claimant on some days would work the full day, on others part of the day, and on some days not at all. He voluntarily ceased working at this selective employment on January 8, 2004. Claimant never worked a 40-hour week during this period.

Employer filed an application to suspend claimant's benefits for his failure to perform the selective employment. A hearing was held on January 7, 2005 before a deputy commissioner.

At the hearing, Stacey Turpin, claimant's supervisor, testified the selective employment was in conformity with claimant's work restrictions. Turpin testified there was sufficient light duty work available for claimant to work a 40-hour week. Turpin further indicated no one in the company told claimant not to come to work. In fact, Turpin attempted to contact claimant "numerous times" to advise him that he needed to be at work.

Claimant testified he was unable to perform the selective employment because of the injury to his back, which caused "excruciating" pain in his arms and his back while working.

After being terminated from employer, claimant found employment at Hampton Sheet Metal, Inc., from April 26, 2004 to July 21, 2004, making an average weekly wage of $527.80; Pro Temps from August 6, 2004 to September 20, 2004, making an average weekly wage of $349.01; and Warwick Air Conditioning from September 21, 2004 up to and including the time of the hearing, making an average weekly wage of $413.98.

The deputy commissioner found claimant unjustifiably refused selective employment on February 11, 2004.[1] The deputy further opined claimant cured his refusal by beginning to work for Hampton Sheet Metal, Inc., on April 26, 2004. The deputy concluded claimant's post-injury average weekly wage with employer was $310.78. Based upon a pre-injury weekly wage of $714.14, the deputy terminated the original award and awarded temporary partial disability of

---

[1] This issue was not appealed to the full commission.

$124 per week from April 26, 2004 through July 21, 2004; $243.42 per week beginning August 6, 2004 through September 20, 2004; and $200.11 per week beginning September 21, 2004 and continuing.

In a revised opinion, after a motion for rehearing, the commission affirmed the deputy's award, finding claimant fully cured his refusal of selective employment. The commission agreed with the deputy that no evidence supported employer's position that claimant was "offered" 40 hours per week selective employment, distinguishing between an "offer" of 40 hours and Turpin's statement that employer had 40 hours or more of work available for claimant.[2] The commission concluded, "[t]here must be some evidence that the claimant knew, or reasonably should have known, that the employer had forty hours of work a week for him." The

---

[2] At the hearing before the deputy commissioner, Turpin testified as follows:

> Q. Did you have sufficient work available for Mr. Wynter to work a 40 hour or more work week?
>
> A. Absolutely.
>
> \* \* \* \* \* \* \*
>
> Q. Did you have any contact with Mr. Wynter, or did you attempt any contact with Mr. Wynter between December 22, 2003 and January 8, 2004 in an effort to get him to come to work and work a 40 hour work week?
>
> A. Numerous times.
>
> Q. Can you explain?
>
> A. Lots of times I'd call, couldn't get through. The times I did get him on the phone, said the work is there, you need to come to work . . . but every time I did get in touch with him I'd let him know that the work was there, that we needed him at work and I was always wanting to know why he wasn't at work. Then he just quit showing up.

commission opined that the actual hours worked during the period of light duty employment was the controlling number.

This appeal follows.

ANALYSIS

Employer, on appeal, contends the evidence was not sufficient to prove claimant fully cured his unjustified refusal of selective employment.[3]

The issue to be resolved is whether the commission erred in ruling claimant's average weekly wage (AWW) should be based on the 40 hours available to claimant to work ($612) rather than based on the actual numbers of hours worked ($310.78). The issue is determinative of whether claimant fully cured his unjustifiable refusal of selective employment or only partially cured the refusal.

A "partial cure" occurs when the claimant cures his unjustified refusal by accepting employment at a wage less than originally offered. See Code § 65.2-510(B); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39, 542 S.E.2d 785, 788 (2001) (holding that accepting a part-time position, at lower wages, after refusing an offer of full-time selective employment procured by the employer amounts to a partial cure). A "full cure" occurs when the job accepted is "equivalent selective employment," Food Lion, Inc. v. Newsome, 30 Va. App. 21, 25-26, 515 S.E.2d 317, 319 (1999), meaning a wage equal to or greater than the refused

---

[3] Employer's second question presented is:

> Whether a claimant who voluntarily absents himself from light duty with an employer, and who subsequently refuses light duty with the employer, and who later finds employment paying more than the employee made while working selective employment but less than he would have earned had he performed all available light duty prior to his refusal, receives temporary partial disability benefits calculated in accordance with § 65.2-510(B).

While this question presented is somewhat confusing, it is simply a restatement of the sufficiency issue.

selective employment. See Virginia Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 79,

435 S.E.2d 156, 160 (1993) (holding that a claimant cures his unjustified refusal of the selective

employment offered to him "by obtaining employment at a wage that is comparable to that

which was offered him").

"If an injured employee unjustifiably refuses selective employment offered by the

employer, he or she is 'no longer entitled to receive disability compensation during the

continuance of the refusal.'" ARA Servs. v. Swift, 22 Va. App. 202, 206, 468 S.E.2d 682, 684

(1996) (quoting Burnette, 17 Va. App. at 78, 435 S.E.2d at 159). However, "once an employee

has cured an unjustified refusal of selective employment, he or she is entitled to reinstatement of

benefits." Newsome, 30 Va. App. at 25, 515 S.E.2d at 319.

> "Code § 65.2-510 was enacted . . . to encourage employers to
> procure employment suitable to partially incapacitated
> employees." Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431
> S.E.2d 342, 344 (1993). An employer seeking to terminate
> compensation benefits pursuant to the statute must establish "(1) a
> *bona fide* job offer suitable to the employee's capacity; (2)
> procured for the employee by the employer; and (3) an unjustified
> refusal by the employee to accept the job." Ellerson v. W.O.
> Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380
> (1985). To constitute a *bona fide* offer, the selective employment
> contemplated by Code § 65.2-510 must be upon terms and
> conditions sufficiently specific to permit informed consideration
> by an employee, Ellerson, 1 Va. App. at 101-02, 335 S.E.2d at 382,
> and comprised of duties consistent with employee's remaining
> work capacity. American Furniture Co. v. Doane, 230 Va. 39, 42,
> 334 S.E.2d 548, 550 (1985).

Underwood, 35 Va. App. at 37, 542 S.E.2d at 788. Thus, the question is whether employer's

selective employment offer was "upon terms and conditions sufficiently specific to permit

informed consideration by an employee . . . ." Id.

The commission concluded the offer did not satisfy this requirement. Employer argues

that the only relevant inquiry is the number of hours available to claimant. Referring to Code

§ 65.2-510, employer claims that the specifics of the offer are not relevant because the question

is resolved by asking only what the claimant "would have earned" had he not refused selective employment.[4] Thus, he contends "hours available" is the proper standard. This position ignores the *bona fide* offer requirement of <u>Underwood</u>.[5]

In accordance with well-established principles, we consider the evidence in the light most favorable to the prevailing party below. <u>States Roofing Corp. v. Bush Constr. Corp.</u>, 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993).

> "Factual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." <u>Southern Iron Works, Inc. v. Wallace</u>, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the [c]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." <u>Morris v. Badger Powhatan/Figgie Int'l, Inc.</u>, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

<u>Hoy Constr., Inc. v. Flenner</u>, 32 Va. App. 357, 361, 528 S.E.2d 148, 150 (2000). "In determining whether credible evidence exists, the appellate court does not retry the facts,

---

[4] Code § 65.2-510 provides in relevant part:

> B. If an injured employee cures his unjustified refusal by accepting employment suitable to his capacity at a wage less than that originally offered, the employer shall pay or cause to be paid to the injured employee during his partial incapacity pursuant to § 65.2-502, a weekly compensation equal to 66 2/3 percent of the difference between his average weekly wages before his injury and the average weekly wage the employee would have earned by accepting the original proffered light duty employment.

[5] Indeed, we cannot consider the number of hours available to claimant unless we determine first that employer communicated that number of hours to claimant by making a *bona fide* offer to work those available hours.

At oral argument, employer conceded that nothing in the record shows the specifics of the offer. Employer maintained that "the details of the original offer . . . are not relevant to the issue of whether there was a full cure or a partial cure." Employer argued that "the analysis [under Code § 65.2-510] does not concern the details of the offer . . . the analysis is a factual inquiry into how much work was available." When questioned further about the need for a *bona fide* offer, employer replied "that's not the issue . . . the issue under 510 . . . is how much he would have earned had he accepted the selective employment after February 11."

reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Employer points to the efforts it made to contact claimant when he was absent from work, advising claimant, "the work is there, you need to come to work . . . ." Employer presented no evidence, nor does the record reflect, that claimant knew or should have known the selective employment entailed a 40-hour workweek. We agree with the commission's conclusion that employer did not prove it actually offered claimant a 40-hour workweek. The burden is on the employer to prove a *bona fide* offer. Ellerson, 1 Va. App. at 102, 335 S.E.2d at 382.

The only figure before the commission was the amount claimant actually earned, i.e., $310.78 per week during the period of selective employment. Thus, since claimant's average weekly wage was $310.78, he fully cured his unjustified refusal because the three jobs he obtained as a cure each paid more than the selective employment with employer. We do not address Code § 65.2-510(B) because, by its own terms, that statute only addresses a partial cure.

We find no error in the commission's ruling on the average weekly wage and thus find no error in the award for partial temporary disability.

Employer next argues the commission erred in not remanding the case to the deputy commissioner "with instructions for him to make explicit factual findings as to how much work was made available to the claimant . . . ." This argument presupposes that the "availability" of work is the determinative issue. As was discussed above, the issue is whether claimant knew or reasonably should have known the job entailed 40 hours per week. Thus, we conclude that a remand to the deputy commissioner for a finding as to whether 40 hours of work were available

to claimant would be of no benefit, as the commission determined that employer did not prove it made a *bona fide* offer of 40 hours of work to claimant.

Finding no error, we affirm the decision of the commission.

<u>Affirmed.</u>