COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


HILLCREST MANOR NURSING HOME AND
 ZENITH INSURANCE COMPANY
                                        OPINION BY
v.    Record No. 1027-00-4         JUDGE RICHARD S. BRAY
                                         MARCH 6, 2001
ROSA MARIE UNDERWOOD


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Ralph L. Whitt, Jr. (John R. Cornett, Jr.;
             Michael P. Del Bueno; Williams, Lynch &
             Whitt, on briefs), for appellants.

             Nate L. Adams, III (Adams & Kellas, P.C., on
             brief), for appellee.


     Hillcrest Manor Nursing Home (Hillcrest) and its insurer,

Zenith Insurance Company (collectively employer), appeal an

award of disability benefits by the Virginia Workers'

Compensation Commission (commission) to Rosa Marie Underwood

(claimant).  Employer complains the commission erroneously found

claimant partially cured an unjustified refusal of selective

employment.  In a cross-appeal, claimant contends the commission

incorrectly concluded employer made a valid offer of such

employment, which she unreasonably refused and employer did not

withdraw.  Finding no error, we affirm the decision.

I.

In accordance with well established principles, we consider the evidence in the light most favorable to the prevailing party below. States Roofing Corp. v. Bush, 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993).

> "Factual findings of the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Hoy Construction, Inc. v. Flenner, 32 Va. App. 357, 361, 528 S.E.2d 148, 150 (2000).

While employed by Hillcrest as a "certified nursing assistant," claimant suffered a compensable injury on August 30, 1997. At the time of the incident, claimant was working for employer "about thirty-two hours" weekly, lifting, dressing, bathing, feeding and otherwise caring for patients at Hillcrest, while similarly employed, "full-time," elsewhere. Dr. William J. Bender treated claimant the day of the injury and then released her for return to work, subject to restrictions on "Lifting" and "Bending, Squatting/Twisting." During the ensuing months, claimant was treated by several physicians in practice

-

with Dr. Bender and each prescribed limitations upon her employment and other activities.  As a result of such restrictions, claimant's full-time employment was "no longer available" and Hillcrest offered, and she accepted, part-time, light duty work at substantially reduced hours.

On November 21, 1997, Doris M. Traylor, administrator of Hillcrest, offered claimant a "full-time" light duty position at Hillcrest, "meaning [a return to] thirty-two hours per week" at Hillcrest, performing "the exact same job description [claimant] was [then] working under" part-time.  However, citing "personal reasons," claimant declined,[1] explaining at the hearing that the expanded employment would have required her to "be out after dark" and interfered with medical care[2] and the transport of her "boyfriend back and forth to work."  Claimant further testified that full-time employment exceeded her limitations,[3] a circumstance admittedly unsupported by "healthcare professional[s]" and not a consideration in her decision. Thereafter, claimant continued to regularly work part-time,

---

[1] In a subsequent note to employer, claimant offered to accept such employment on a schedule compatible with her "personal" life.

[2] Certain therapy cited by claimant had ended at the time of the offer, and no effort was made to reschedule other care.

[3] Claimant acknowledged an "aware[ness]" of the attendant duties, and the job description was later approved by her treating physician.

-

light duty at Hillcrest from 11:00 a.m. - 7:00 p.m. two days each week, despite her stated preference for the 7:00 a.m. - 3:00 p.m. shift.

By letter dated December 20, 1997, claimant again protested any attempt by Hillcrest to assign a "full schedule . . . without [her] permission."  She acknowledged "thought[s] about working more time" but had "reasons why" deciding against it.  Nevertheless, claimant volunteered to "work some Monday [sic]" and promised to "let [Traylor] know if [she] ever want[ed] to do extra time."  Claimant concluded the note declaring, "I want my schedule back," apparently referencing the preferred shift.  Claimant confirmed the contents of the letter during a meeting with Ms. Traylor on December 26, 1997, and Hillcrest restored the part-time schedule pursuant to her request, without further mention of the full-time, light duty employment offer.

Claimant filed for benefits with the commission on May 14, 1998, and Deputy Commissioner Culbreth conducted a hearing on October 20, 1998.  In an amended opinion, dated June 4, 1999, the deputy awarded claimant temporary partial disability benefits for the period September 1, 1997 through November 21, 1997.  However, the deputy suspended benefits beginning November 21, 1997, ruling claimant "cannot be awarded benefits based on her choice, for non-medical reasons, to reject hours which would be within her restrictions, and would put her at or above her pre-injury average weekly wage."

-

On appeal by claimant, the full commission affirmed the deputy's finding of unjustified refusal of selective employment on November 21, 1997.  However, the commission reversed the suspension of benefits, reasoning that claimant, by accepting light duty, part-time employment with Hillcrest, partially cured such refusal, entitling her to "temporary partial disability benefits" based on the difference between her pre-injury average weekly wage and the wage she would have earned had she accepted the full-time hours.  Both employer and claimant appeal.

## II.

"If an injured employee unjustifiably refuses selective employment offered by the employer, he or she is 'no longer entitled to receive disability compensation during the continuance of the refusal.'"  ARA Services v. Swift, 22 Va. App. 202, 206, 468 S.E.2d 682, 684 (1996) (citing Virginia Wayside Furn., Inc. v. Burnette, 17 Va. App. 74, 78, 435 S.E.2d 156, 159 (1993); Code § 65.2-510(A)).  However, "once an employee has cured an unjustified refusal of selective employment, he or she is entitled to reinstatement of benefits." Food Lion, Inc. v. Newsome, 30 Va. App. 21, 25, 515 S.E.2d 317, 319 (1999); see Code § 65.2-510(B).  If the injured employee cures "by accepting employment . . . at a wage less than that originally offered, the employer shall pay or cause to be paid" weekly compensation to the partially incapacitated employee "equal to 66 2/3 percent of the difference between his average

-

weekly wages before . . . injury and the average weekly wage the employee would have earned by accepting the original proffered light duty employment."  Code § 65.2-510(B).

"Code § 65.2-510 was enacted . . . to encourage employers to procure employment suitable to partially incapacitated employees."  Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).  An employer seeking to terminate compensation benefits pursuant to the statute must establish "(1) a bona fide job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job."  Ellerson v. W. O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985).  To constitute a bona fide offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, id. at 101-02, 335 S.E.2d at 382, and comprised of duties consistent with employee's remaining work capacity.  American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985).

Upon a showing by employer of a bona fide offer of selective employment, "the employee bears the burden of establishing justification for refusing such employment.  Food Lion, Inc., 16 Va. App. at 619, 431 S.E.2d at 344.  "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable

-

person desirous of employment would have refused the offered work.'"  Id. (citation omitted).

Here, claimant first complains that employer's evidence did not prove a bona fide offer.  Her argument, however, is belied by the record.  At the time the offer was tendered by employer, claimant was performing part-time duties identical to those attendant to the proposed full-time employment.  She acknowledged an understanding that the offer involved only an increase in hours worked weekly, not a change in tasks, and her "personal" objections to the terms related solely to such distinction.  Claimant, therefore, was sufficiently aware of the job description to properly consider the Hillcrest offer.

Similarly, with respect to claimant's capacity to perform the related duties, the record does not support her contention that the offer violated restrictions imposed either by physicians or any functional limitations evinced during her part-time employment.  To the contrary, claimant satisfactorily performed the tasks of part-time employment and, in response to employer's offer, volunteered for more frequent work shifts, albeit on a schedule acceptable to her.  Under such circumstances, "where the attending physician has specified the limitations . . . and it is obvious that the proffered job fits these limitations," submission of the "job description to the

-

physician for what would be merely 'rubber stamp action'" is unnecessary.  Talley v. Goodwin Bros. Lumber Co., 224 Va. 48, 52, 294 S.E.2d 818, 820-21 (1982) (citation omitted). Accordingly, the record provides ample support for the commission's finding that employer made a bona fide offer of selective employment to claimant.

Claimant next maintains she "never absolutely rejected an offer of selective employment where she failed to work at all" because she willingly worked part-time.  Clearly, however, unjustified refusal by claimant of the "employment procured for [her] suitable to [her] capacity," the full-time employment in issue, triggered the loss of benefits contemplated by Code § 65.2-510.  Code § 65.2-510(A).  Claimant's continued part-time employment cannot be deemed acceptance of the full-time offer. The commission, therefore, correctly concluded she "unjustifiably refused light duty employment on November 21, 1997."

Lastly, assuming an unjustified refusal of employer's bona fide offer, claimant, nevertheless, insists upon entitlement to full temporary benefits, commencing December 20, 1997, contending employer subsequently withdrew the offer of full-time employment by "schedul[ing] her the way [she] wanted to work." However, employer's accession to claimant's request for a return

-

to shifts preferable to her clearly does not suggest a withdrawal of the offer.[4]

Employer complains on appeal that the commission erroneously determined claimant partially cured her initial refusal of full-time selective employment by simply continuing the part-time, light duty work that predated the offer, without further "action, affirmative or otherwise." In resolving this issue and awarding claimant benefits pursuant to Code § 65.2-510(B), the commission reasoned that, "[a]lthough it was the claimant's decision to work the reduced hours, the effect was the same as if she, in an attempt to cure, had obtained alternate employment at a reduced wage." We agree with the commission.

If claimant had refused the offer of full-time employment, resigned and thereafter immediately accepted part-time, light duty work with employer or elsewhere, at reduced wages, she would have partially cured such refusal. Likewise, continued part-time, selective employment, with Hillcrest, following the full-time offer, constituted a partial cure of her prior unjustified refusal of such employment within the intendment of Code § 65.2-510(B). A contrary result would deny benefits under circumstances evincing little substantive difference in conduct,

---

[4] Claimant also contends the commission incorrectly calculated benefits, an issue not expressly stated among the "question[s] presented," which we, therefore, decline to consider on appeal. See Rule 5A:21.

-

thereby thwarting the purposes of the Workers' Compensation Act, "highly remedial" legislation, "designed to protect employees," which "'should be liberally construed in favor of the [employee].'" Brown v. United Airlines, 34 Va. App. 273, 276, 540 S.E.2d 521, ___ (2001) (citations omitted). Accordingly, the commission correctly determined that "claimant would still be entitled to temporary benefits based on the difference between her preinjury average weekly wage and the wage she would have earned had she accepted full-time hours."

We, therefore, affirm the decision of the commission.

Affirmed.

-