COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


NURNIE E. REID
                                    MEMORANDUM OPINION*
v.    Record No. 2253-01-1              PER CURIAM
                                     DECEMBER 11, 2001
CITY OF PORTSMOUTH SHERIFF'S OFFICE AND
 TRIGON ADMINISTRATORS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Karen M. Rye; Kenneth J. Coughlan; Law
              Office of Karen M. Rye, on brief), for
              appellant.

              (William C. Walker; Amanda C. Castel;
              Taylor & Walker, P.C., on brief), for
              appellees.


     Nurnie E. Reid (claimant) contends the Workers'

Compensation Commission erred in finding that (1) the City of

Portsmouth Sheriff's Office (employer) proved that it made a

bona fide offer of selective employment to claimant; (2)

claimant failed to prove that he was justified in refusing

employer's offer of selective employment; and (3) claimant

failed to prove that he cured his unjustified refusal of

selective employment.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision.
Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

On November 8, 1997, while working as a deputy sheriff, claimant injured his back, neck, and knees, when he was struck by a vehicle while directing traffic at an accident scene. The commission subsequently entered awards for temporary total disability benefits from July 7 through August 15, 1999, and from February 25 through April 3, 2000. On October 18, 2000, claimant filed a claim seeking reinstatement of temporary total disability benefits. At the hearing, claimant sought temporary total disability benefits beginning November 30, 2000. The parties stipulated that claimant was restricted to light duty

from November 30, 2000 through January 22, 2001 and that he was temporarily totally disabled beginning January 23, 2001.

In his September 17, 1999 office notes, Dr. Stephen C. Blasdell, an orthopedic surgeon, opined that claimant could return to work with permanent restrictions on kneeling and lifting over thirty pounds. On March 29, 2000, Dr. Anthony C. Cetrone, an emergency and occupational medicine specialist, released claimant to a D.A.R.E. educator job, stating that he could lift up to twenty pounds occasionally and ten pounds frequently. Dr. Cetrone opined that claimant could not perform work that might place him in a physical confrontation.

After claimant's accident and at some point before August 2000, employer provided claimant with a light duty job in the D.A.R.E. program. Sheriff Gary W. Waters informed claimant that he could no longer offer the D.A.R.E. job to claimant. As a result, Waters contacted the state to see what type of non-sworn civilian employment he could offer to claimant. Waters was informed that there was a non-sworn job available in classification of records for inmates at the jail.

On September 29, 2000, claimant received a letter from Waters stating that there were no light duty jobs available, but that he had been authorized to offer claimant a civilian, non-sworn position at a salary close to claimant's pre-injury salary. Claimant was asked to inform employer of his decision

no later than ten days from the date of the letter. Waters testified that the job involved filing and keeping records of inmates at the jail in the sheriff's department. Waters testified that this work was within the claimant's restrictions. Waters stated that he was not sure whether he talked to claimant specifically about the job. Claimant never responded to the job offer. Rather, Jim Martin, claimant's disability attorney, told Waters that claimant was not going to accept the job. Waters testified that Martin did not give any reason for claimant's rejection of the job.

Lauren DeRidder, employer's claims manager, testified that she spoke with claimant about the job offer, but not specifically about what the job entailed because she did not have that information. However, it was her understanding that the job fell within claimant's restrictions. She and claimant discussed temporary partial disability benefits in the event that there was a wage differential, medical benefits, and other aspects of claimant's claim. At that time, claimant was undecided regarding the job offer. DeRidder testified that just before the deadline for the claimant to respond to the job offer, they talked again and claimant was still undecided. DeRidder "had the impression that he understood pretty much what the job was and the concern was that it was not a sworn

position, it was a civilian position."  Claimant expressed that concern to DeRidder.

Claimant testified that after his accident through December 2000, he performed a part-time sedentary security job that he had held prior to the accident.  He worked one night per week for four hours watching the parking lot of a bingo hall while sitting in his vehicle.

### Bona Fide Offer of Selective Employment

> "Code § 65.2-510 was enacted . . . to encourage employers to procure employment suitable to partially incapacitated employees."  An employer seeking to terminate compensation benefits pursuant to the statute must establish "(1) a bona fide job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job."  To constitute a bona fide offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, and comprised of duties consistent with employee's remaining work capacity.

Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 37, 542 S.E.2d 785, 788 (2001) (citations omitted).

Claimant contends that employer's evidence failed to prove that it made a bona fide job offer to him.  However, based upon claimant's undisputed physical restrictions, his ability to perform the D.A.R.E. position, Waters' testimony that the selective employment was within claimant's restrictions, and the

- 5 -

lack of any evidence that claimant ever expressed concern to Waters or DeRidder that the job's duties were not within his restrictions, the fact finder could infer that the filing and recordkeeping job constituted a <u>bona</u> <u>fide</u> offer.  Thus, credible evidence supports the commission's finding that employer made a <u>bona</u> <u>fide</u> offer of selective employment to claimant.

Unjustified Refusal

> Upon a showing by employer of a <u>bona</u> <u>fide</u> offer of selective employment, "the employee bears the burden of establishing justification for refusing such employment." "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'"

<u>Id.</u> (citation omitted).

In ruling that claimant unjustifiably refused employer's offer of selective employment, the commission found as follows:

> [T]he evidence establishes that the claimant's employer was well aware of the claimant's longstanding work restrictions, and indeed had been accomodating those restrictions.  When the D.A.R.E. position was no longer available, Sheriff Waters procured a record-keeping job for the claimant in the jail portion of the sheriff's office at a salary close to the claimant's preinjury salary.  This job was offered to the claimant, although the details of the job were not specifically described in the letter from Sheriff Waters or in subsequent conversations. Nonetheless, the claimant did not express any concern to Sheriff Waters or Ms. DeRidder that the job exceeded his restrictions.  He never rejected the job

- 6 -

personally; rather, his disability attorney called and rejected the job on the claimant's behalf. No reason was given for the claimant's decision not to take the job. Specifically, neither the claimant nor his attorney stated that he was rejecting the job because it exceeded his restrictions or because they were concerned that it exceeded his restrictions. Ms. DeRidder testified that right before the deadline for responding to the offer, the claimant seemed to understand the job requirements and the only concern expressed by him was that the job was a civilian non-sworn position.

Based upon the lack of any evidence that claimant refused the job because he did not believe its duties fell within his physical restrictions and DeRidder's testimony that claimant's only concern was that the position was a civilian non-sworn job, the commission, as fact finder, was entitled to infer that claimant was not justified in refusing the offer on that basis.

### Cure of Unjustified Refusal of Selective Employment

Claimant contends that the commission erred in finding that his January 22, 2001 letter to employer's attorney requesting light duty employment did not constitute a good faith cure of his unjustified refusal of selective employment.

The record established that claimant made no contact with employer from the time he was offered the light duty recordkeeping job on September 29, 2000 through January 22, 2001. The January 22, 2001 letter was sent by claimant's attorney to employer's attorney one day before claimant was scheduled to undergo arthroscopic surgery. At that time,

- 7 -

claimant knew that he would be totally disabled for an indeterminate period of time after the surgery. In addition, claimant knew that if he had been offered light duty employment by the sheriff's office, he would not be able to accept it at any time in the near future. Furthermore, at the time the January 22, 2001 letter was sent, claimant had been granted disability retirement by the state.

Based upon this record, the commission, as fact finder, was entitled to conclude that this "last-minute letter . . . was not sent in good faith," and failed to establish a cure of claimant's unjustified refusal of selective employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>