COURT OF APPEALS OF VIRGINIA


Present:    Judge McClanahan, Senior Judges Coleman and Annunziata


KARL J. OTTOSEN

v.      Record No. 0953-05-4

CARLA L. SAUNDERS

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 6, 2005


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(Michael A. Ward, on briefs), for appellant.

(Lisa C. Fried, on brief), for appellee.


Karl J. Ottosen (father) appeals from the circuit court's March 18, 2005 order finding he violated Code § 8.01-271.1 and ordering him to pay costs and attorney's fees to Carla L. Saunders (mother). On appeal, father contends the trial court erred (1) in finding mother is entitled to relief under Code § 8.01-271.1 and (2) in determining the amount of the award. Both parties seek attorney's fees and costs incurred in connection with this appeal. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties' children were born on November 1, 1991. The parties, never married, entered into an "Agreed Order" on November 8, 2000. In that order, they agreed the parties would have joint legal custody of the twins, with mother having primary physical custody, subject to visitation as outlined in the order. The order further provided that either party could recover attorney's fees expended in successfully enforcing the order.

On May 30, 2003, father petitioned the juvenile and domestic relations district court for a change in custody for the two children. The first trial date of January 26, 2004 was cancelled due to weather, but mother and the children had already traveled to Virginia from Florida for the event. Mother again traveled to Virginia for the second trial date of May 24, 2004. The following day, the juvenile court dismissed father's petition, on mother's motion, concluding father had failed to demonstrate a material change in circumstances since the entry of the consent order. The juvenile court denied mother's motion for attorney's fees and also denied her motion to reconsider the denial of attorney's fees, concluding that responding to father's petitions was not a "successful enforcement of any of the provisions" of the parties' consent order.

On June 2, 2004, father appealed the juvenile court decision to the circuit court. Father's counsel sought to non-suit the appeal just days before the scheduled November 17, 2004 trial date. Mother objected to the non-suit. The circuit court allowed father to withdraw his appeal with prejudice but rejected the non-suit attempt. The court also allowed mother to file a renewed motion for attorney's fees and after reviewing the record and evidence presented determined father violated Code § 8.01-271.1 and awarded sanctions to mother in the amount of her attorney's fees and costs associated with defending the action father initiated against her.

## ANALYSIS

### I.

Under Code § 8.01-271.1, every motion signed or made orally by an attorney constitutes a representation that "to the best of his knowledge, information, and belief, formed after reasonable inquiry," the argument or legal position is "well grounded in fact," and is well grounded in current law or is made in good faith application of law that should be extended, modified, or reversed. If this statute is violated, then the trial court shall impose upon the attorney and/or the represented party "an appropriate sanction." The trial court found father vindictively "pursu[ed] his fruitless litigation" causing unnecessary expense and stress to mother and the children. Father argues this ruling was in error.

This Court reviews an award of sanctions for abuse of discretion by the trial court. Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991).

> In applying that standard, we use an objective standard of
> reasonableness in determining whether a litigant and his attorney,
> after reasonable inquiry, could have formed a reasonable belief that
> the pleading was well grounded in fact, warranted by existing law
> or a good faith argument for the extension, modification, or
> reversal of existing law, and not interposed for an improper
> purpose.

Flippo v. CSC Assocs. III, L.L.C., 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001). See also Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 435 (2000). In this context, we review the trial court's determination that father did not reasonably believe that his representations to the court, both orally and in his pleadings, were well grounded or made in good faith.

We find no abuse of discretion in the trial court's determination that father filed his motions for the improper purpose of harassing mother or to cause her unnecessary expense. The record reveals the juvenile court determined father failed to demonstrate any material changes in circumstances. After initiating an appeal to the circuit court, father attempted to non-suit the

- 3 -

case just days before the scheduled trial. The court permissibly inferred from the record that father "use[d] his pending appeal as leverage, [in] offer[ing] a settlement to [m]other . . . ." Based in part on the parties' "disparate financial positions," the court concluded "[t]he financial burden of the instant litigation is far more burdensome on the mother than the father, and the father was aware of the impact his litigation had on her."

Given the facts in this case, father was not reasonable in his pursuit of the cause he initiated. The trial court did not abuse its discretion in awarding sanctions pursuant to Code § 8.01-271.1.

## II.

Father argues the trial court erred in its determination of the amount of sanctions. Specifically, he contends mother's evidence "support[ing] her claim for an award of sanctions . . . was unverified and unsubstantiated." He does not, on appeal, challenge the admissibility of the evidence mother presented. The validity of the court's ruling on the admissibility of the evidence is not part of the question presented and thus is not cognizable on appeal. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal"); see also Rule 5A:20(c). The only issue before us is whether the evidence presented to the trial court supports its determination of the amount of the sanctions awarded.

Mother presented attorney's fees statements, airline receipts, and various other documentation regarding the costs she incurred as a result of father's lawsuit. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Thomas v. Thomas, 40

Va. App. 639, 644, 580 S.E.2d 503, 505 (2003).  Mother fully documented her expenses.  The trial court accepted mother's evidence.  We find no error in the court's determination.

III.

Both parties request costs and attorneys' fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  In this context, and upon consideration of the entire record in this case, we hold that husband is not entitled to costs or attorney's fees in the matter.

Upon a review of this appeal, we find that husband's case presented numerous questions that were not supported by law or evidence.  See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).  Therefore, we award attorney's fees to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.