COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


TAMARA SUTTON VIAR

                                                MEMORANDUM OPINION*
v.       Record No. 2108-05-2                         PER CURIAM
                                                    FEBRUARY 14, 2006
CHESTERFIELD – COLONIAL HEIGHTS
  DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Herbert C. Gill, Jr., Judge

            (Randy B. Rowlett; Gordon, Dodson, Gordon & Rowlett, on brief),
            for appellant.

            (Michael Chernau, Senior Assistant County Attorney; Scott D.
            Cardani, Guardian *ad litem* for the minor children, on brief), for
            appellee.


        Tamara Sutton Viar appeals the trial court's decision terminating her parental rights to her

two minor children pursuant to Code § 16.1-283.  Viar contends the trial court erred in terminating

her parental rights without considering and giving due weight to the efforts she made to remedy

the concerns that led to the foster care placement of her minor children between the time of the

March 9, 2005 decision of the juvenile and domestic relations district court (J&DR court) to

terminate her residual parental rights and the circuit court trial which began on June 29, 2005.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] To the extent that Viar argues in her brief that the circuit court erred in admitting into
evidence certain reports of the Court Appointed Special Advocate (CASA) previously submitted
in the J&DR court, we will not address that argument as it was not part of the Questions
Presented that were designated for appeal.  See Rule 5A:20(c)-(e); Hillcrest Manor Nursing

The record belies Viar's contentions. Nothing in the record, including the Agreed Statement of Facts and Testimony,[2] suggests that the circuit court did not consider evidence of Viar's efforts to remedy her situation during the time between the J&DR court's decision to terminate her parental rights and the trial in the circuit court. To the contrary, the Agreed Statement of Facts and Testimony indicates that the circuit court considered testimonial and documentary evidence presented on behalf of the Chesterfield – Colonial Heights Department of Social Services (DSS) and the minor children, including the testimony of Patricia Gilstrap (social worker), Kristin Kahwajy (licensed clinical social worker and the children's therapist), and Holly Bostian Abbott (Program Director, Chesterfield CASA, Inc.). The record also shows that the circuit court considered the testimonial and documentary evidence presented by Viar on her own behalf. The Agreed Statement of Facts and Testimony further indicates that the circuit court considered the "CASA memorandums submitted by counsel, [which] noted the Court had reviewed the March 2005 report and did not order further investigation." Finally, according to the Agreed Statement of Facts and Testimony, the circuit court terminated Viar's parental rights based upon the following:

> Viar's failure, without good cause, to remedy the problems that brought the children into foster care notwithstanding the reasonable efforts of [DSS] to help her remedy those problems, health and welfare issues of the children, time and adjustment to foster care, Viar's lack of current stable housing, and her history of domestic violence and alcohol addiction.

---

Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal"). We also note that Viar does not contend on appeal that the trial court erred in finding the evidence sufficient to terminate her parental rights. Rather, her sole argument is that the trial court erred in failing to consider and give weight to certain evidence. Accordingly, that is the sole issue we will address on appeal.

[2] Appellant indicated in her brief that no court reporter was present at trial in the circuit court. Therefore, the parties agreed upon a statement of facts.

Given the record before us, we find no merit in this appeal, and summarily affirm the trial court's decision.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>