COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY

                                                      MEMORANDUM OPINION[*]
v.        Record No. 1493-06-1                              PER CURIAM
                                                        OCTOBER 17, 2006
ALONZA WILSON, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Benjamin M. Mason; Mason, Mason, Walker & Hedrick, P.C., on
            brief), for appellant.

            (Richard B. Donaldson, Jr.; Justin M. Sizemore; Jones, Blechman,
            Woltz & Kelly, P.C., on brief), for appellee.


       Newport News Shipbuilding and Dry Dock Company (employer) appeals a decision of

the Workers' Compensation Commission finding that (1) because employer did not seek timely

review, pursuant to Code § 65.2-706(A), of the deputy commissioner's January 21, 2005

decision awarding Alonza Wilson (claimant) permanent partial disability (PPD) benefits, that

decision was final and not reviewable by the commission; (2) employer was responsible for

payment of a twenty-percent penalty on unpaid compensation pursuant to Code § 65.2-524; and

(3) employer was responsible to pay claimant's attorneys' fees in the amount of $1,000.

       On appeal, the sole Question Presented by employer challenges the underlying merits of

the deputy commissioner's findings in the January 21, 2005 opinion awarding claimant PPD

benefits.  However, because employer failed to seek timely review before the full commission of

that decision, as the commission stated in its May 12, 2006 opinion, that decision is final.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Therefore, it is not subject to appellate review in this Court. See Code § 65.2-706; Boys & Girls Clubs of Va. v. Marshall, 37 Va. App. 83, 85 n.1, 554 S.E.2d 104, 105 n.1 (2001) (issues not properly preserved before the commission cannot be raised on appeal). Accordingly, we will not consider the questions and arguments raised by employer in its brief related to the merits of the commission's award of PPD benefits to claimant.[1]

Employer includes an argument in its brief that the commission erred in assessing $1,000 in attorneys' fees against it. However, employer did not raise that issue in its Questions Presented. In addition, employer did not include a Question Presented or any argument with regard to the commission's assessment against employer of a twenty-percent penalty. Accordingly, to the extent that employer argues those issues, we will not address them on appeal as they were not part of the Questions Presented that were designated for appeal. See Rule 5A:20(c)-(e); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal").

Based upon the foregoing reasons, we summarily affirm employer's appeal. See Rule 5A:27. We grant claimant's request for an award of attorneys' fees and costs incurred in connection with this appeal. Accordingly, we remand this case to the commission for it to determine and enter an appropriate award of such attorneys' fees and costs in favor of claimant.

Affirmed and remanded.

---

[1] We note, as noted by claimant in his brief, employer does not address the commission's holding that employer's challenges to the January 21, 2005 decision awarding claimant PPD benefits were untimely, nor does employer attempt to explain why Code § 65.2-706 does not preclude further review of the award. Instead, employer ignores the issue.