COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


UNINSURED EMPLOYER'S FUND

                                        MEMORANDUM OPINION[*]
v.       Record No. 0913-07-2                PER CURIAM
                                          SEPTEMBER 11, 2007
JACK R. CHANEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Arthur T. Aylward; Angela F. Gibbs; Midkiff, Muncie & Ross,
          P.C., on briefs), for appellant.

          (Jamie L. Karek; Geoffrey R. McDonald & Associates, P.C., on
          brief), for appellee.


       The Uninsured Employer's Fund appeals a decision of the Workers' Compensation

Commission finding that (1) the deputy commissioner did not err in denying the Fund's request

to continue the hearing; (2) Jack R. Chaney (claimant) was an employee of Master Distributors,

Inc. (employer), which was subject to the Workers' Compensation Act; and (3) claimant proved

he made reasonable efforts to market his residual work capacity.

       On appeal, the Fund presents the following questions:  Whether the commission erred in

(1) finding that claimant sustained a compensable injury by accident and awarding benefits;

(2) denying the Fund's motion for a continuance; and (3) holding the Fund was unable to show

material or irreparable harm, given that the employer may still be able to assert a due process

defense to the notion that it is responsible for this claim.

       Our review of the Fund's opening brief shows that the Fund's argument related to its first

question presented pertains to whether the commission erred in finding that claimant was an

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"employee," that employer was subject to the Act, and that claimant made a reasonable effort to market his residual work capacity. However, the Fund failed to include any of those specific issues in its first question presented. Thus, because those issues were not included in the Fund's questions presented, we will not address them on appeal. See Rule 5A:20(c)-(e); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal"). Furthermore, because the Fund failed to include any argument related to the specific issue raised by its first question presented, i.e., whether the commission erred in finding that claimant sustained a compensable injury by accident, we must dismiss that question. See Rule 5A:20(e) (opening brief must contain "the principles of law, the argument, and the authorities relating to [that] question presented").

With respect to the second and third questions presented, we have reviewed the record and the commission's opinion and find that this appeal is without merit as to those questions. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Chaney v. Master Distributors, Inc., VWC File No. 228-23-74 (Mar. 23, 2007). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Dismissed in part,<br>affirmed in part.