COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Retired Judge Hodges[*]


DRAPER ADEN ASSOCIATES, INC. AND
  HARTFORD CASUALTY INSURANCE COMPANY

                                                MEMORANDUM OPINION[**]
v.        Record No. 2712-07-2                       PER CURIAM
                                                  APRIL 22, 2008
KENNETH AARON BUMGARNER


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Anne M. Dobson; Law Office of Jonathan P. Jester, on brief), for
              appellants.

              No brief for appellee.


        Draper Aden Associates, Inc. and its insurer (hereinafter referred to as "employer")

appeal a decision of the Workers' Compensation Commission dismissing Kenneth Aaron

Bumgarner's (claimant) claim without prejudice.  We have reviewed the record and employer's

brief, and find this appeal is without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        The commission found no error in the deputy commissioner's dismissal of the claim, but

ruled as follows:

              [T]he dismissal of the claim *with* prejudice is a harsh penalty in
              this case.  A claim dismissed *without* prejudice may be re-litigated
              if a new claim is filed within the applicable two-year statute of
              limitations (Virginia Code § 65.2-601), but a claim dismissed *with*
              prejudice is barred.

_____

        [*] Retired Judge William H. Hodges took part in the consideration of this case by
designation pursuant to Code § 17.1-400(C).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The claimant has previously filed and withdrawn a claim, but this does not represent an abuse of process. He did not attend the Hearing scheduled for his second claim, and we presume that he received notice, albeit we base this decision on presumption. Given the circumstances of this case, we find a dismissal *with* prejudice too severe. The claimant has not abused the procedural process or shown a deliberate disregard for the Commission's authority.

Employer argues the commission was required to defer to the deputy commissioner's exercise of his discretion in concluding that the claim should be dismissed with prejudice. We disagree.

"An appeal of a deputy commissioner's [decision] empowers the . . . Commission to reexamine all of the deputy commissioner's conclusions." Mace v. Merchant's Delivery Moving & Storage, 221 Va. 401, 404 n.3, 270 S.E.2d 717, 719 n.3 (1980). Though the commission may defer to its deputies, nothing in the statute requires this deference as a matter of law. See Code § 65.2-705(A) (providing that the commission "shall review the evidence" and issue a "statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue"). Thus, by statute, a request for review empowers the commission to hear the case *de novo*. See id.; Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382-83, 363 S.E.2d 433, 438 (1987). Furthermore, based upon this record, we cannot conclude as a matter of law that the commission abused its discretion in ruling that the claim be dismissed without prejudice.

Employer also argues that "[s]hould the Court find that the Full Commission's reversal of the dismissal with prejudice granted by the Deputy Commissioner . . . was proper, . . . [then] it was improper to deem [claimant's] May 22, 2007 correspondence to the Commission a re-filing of his claim." However, because the substance of that argument was not included in employer's questions presented, we will not address it on appeal. We decline to consider "an issue not

- 2 -

expressly stated among the 'questions presented . . . .'" <u>Hillcrest Manor Nursing Home v.</u>

<u>Underwood</u>, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>