COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


DAVID ALEXANDER PINEDA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1061-11-4                      JUDGE ROBERT P. FRANK
                                                    MAY 15, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge[1]

Peter Francescon (Weimer & Boyce, on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        David Alexander Pineda, appellant, was convicted, in a bench trial, of driving under the

influence of alcohol, third offense within ten years, in violation of Code §§ 18.2-266 and 18.2-270.[2]

On appeal, appellant challenges the validity of a predicate conviction of driving under the influence

of alcohol, second offense, in Fairfax County.  Appellant reasons that without the Fairfax

conviction, he cannot be convicted of driving under the influence as a third offense.  For the reasons

stated, we affirm the judgment of the trial court.

BACKGROUND

        Officer Adam Hurley of the Prince William County Police Department stopped appellant

for a license plate violation.  Appellant got out of his car and walked away, ignoring Officer

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Gaylord L. Finch, Judge Designate, presided over the trial of this case.

        [2] Appellant's other convictions are not subject to this appeal.

Hurley's commands. The officer arrested appellant and determined appellant was intoxicated. Appellant was then arrested for driving under the influence of alcohol.

At trial, the Commonwealth introduced, without objection, a driving under the influence of alcohol conviction order from Prince William County (DUI first). Appellant objected to the admissibility of a Fairfax County judgment order dated January 25, 2007 (DUI second).

The Fairfax judgment indicated appellant was found "guilty as charged," given a $2,500 "civil penalty," placed on probation and ordered into the Virginia Alcohol Safety Action Program (VASAP). No jail time, active or suspended, was imposed.

The trial court admitted the Fairfax conviction into evidence and convicted appellant of driving under the influence of alcohol, third offense within ten years.

This appeal follows.

ANALYSIS

Appellant's assignment of error states:

> The trial court abused its discretion in finding the Appellant guilty of a third offense driving under the influence (DUI), based on a conviction for a second offense DUI in which the Appellant was tried in his absence, without an attorney, and jail time, although not imposed, could not be waived.

Appellant conceded at oral argument that his assignment of error addresses only the sufficiency of the evidence and not the admissibility of the Fairfax order. He further conceded that his argument on that assignment of error addresses only the admissibility of the Fairfax conviction and not the issue of sufficiency of the evidence.

Admissibility of the Fairfax Conviction Order

Rule 5A:20(e) requires us to hold that the issue of admissibility of the Fairfax conviction is waived because it is not part of appellant's assignment of error. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to

consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, 'the Court of Appeals may . . . treat a[n] [assignment of error] as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

Because appellant did not include the issue of admissibility of the Fairfax conviction order in his assignment of error, that issue is waived and we do not address it on appeal.

### Sufficiency of the Evidence

While appellant's assignment of error addresses the issue of sufficiency, his argument does not. Therefore, we find the issue of sufficiency is also waived.

Rule 5A:20(e) requires that the appellant's opening brief include the "principles of law and authorities" relating to each assignment of error. Appellant fails to provide any citation to controlling legal authority that supports his assignment of error that the evidence does not support his conviction because his entire argument on brief relates to his objection to the admissibility of the Fairfax conviction order. And, as we noted in Buchanan v. Buchanan, 14 Va. App. 53, 415 S.E.2d 237 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. at 56, 415 S.E.2d at 239; see also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). We find appellant's failure to argue sufficiency and cite to any legal authority is significant and therefore decline to address this issue on appeal. See Jay, 275 Va. at 520, 659 S.E.2d at 317.

## CONCLUSION

For the reasons stated, appellant's conviction for driving while under the influence of alcohol, third offense, is affirmed.

Affirmed.
