UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Annunziata


CYNTHIA GAYLE SMITH

                                                        MEMORANDUM OPINION[*]
v.        Record No. 2215-13-1                              PER CURIAM
                                                           JUNE 3, 2014
MICHAEL KEITH SMITH, SR.


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        James A. Cales, Jr., Judge Designate

              (Cynthia G. Smith, *pro se*, on brief).

              No brief for appellee.


       Cynthia G. Smith argues that (1) "[t]he final decree of divorce entered on October 21, 2013,

as well as all of the orders entered after March 13, 2011 are void ab initio because they were entered

in a manner that violates the Due Process Clause of the Fourteenth Amendment of the United States

Constitution"; and (2) "[t]he final decree of divorce entered on October 21, 2013, as well as the

orders entered after March 13, 2011 are void ab initio because they were products of an extrinsic

fraud on the court perpetrated by Appellee, his attorney, and the trial court itself."[1]  Upon reviewing

the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Appellant raises additional arguments in her opening brief, but we will not consider
them since they were not included in her assignments of error.  See Hillcrest Manor Nursing
Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue
[was] not expressly stated among the [assignments of error] . . . we, therefore, decline to consider
[it] on appeal").

Appellant failed to comply with Rule 5A:8. Appellant did not file any transcripts or written statements of fact pursuant to Rule 5A:8. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). We have reviewed the record and the opening brief. We conclude that transcripts or written statements of facts are indispensable to a determination of the assignments of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Therefore, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.