COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

AL CHANG ZHANG

                                        MEMORANDUM OPINION[*]

v.      Record No. 1325-15-1                         PER CURIAM
                                                 FEBRUARY 2, 2016

SHIAO YU TUNG

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Timothy S. Wright, Judge

(Chester Smith; Curtis T. Brown; Smith Law Group, PLLC, on
brief), for appellant.

No brief for appellee.

Al Chang Zhang (husband) appeals a final decree of divorce. Husband argues that the trial

court erred by (1) awarding Shiao Yu Tung (wife) child support in the monthly amount of $2,240

"since the trial judge refused to consider all evidence relevant to the issue;" (2) awarding wife a

monetary award of $67,400 "by not declaring the parties' interest as marital or separate, nor

considering how and when the assets were acquired in determining the amount of any monetary

award;" (3) ordering husband to pay $20,000 for wife's attorney's fees "with no explanation as to a

proper showing of what is reasonable;" and (4) "ordering the services of Corbin and Company,

accountants to assist the trial court in the valuation of the parties' restaurant since the Circuit Court

has no authority to appoint an accounting firm for the valuation of the restaurant and the testimony

of the expert witness did not prove helpful to the trial court." Upon reviewing the record and

husband's opening brief, we conclude that this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On January 19, 1996, husband and wife married and had three children during the marriage.[1] In 2000, the parties acquired Shun Xing Chinese Restaurant. In 2002, they bought the marital residence and paid off the mortgage in 2011.

On April 5, 2012, the parties separated. On April 11, 2012, wife filed a complaint for divorce, and husband subsequently filed an answer and cross-bill to the complaint. In 2013, the trial court appointed Corbin and Company to perform a business valuation for the restaurant. Holly Martin, an accountant with Corbin and Company, prepared two valuation reports because of conflicting financial data.

The parties appeared before the trial court on May 18, 19, 21, and 28, 2015. After hearing all of the evidence and argument, the trial court issued a letter opinion on June 24, 2015. The trial court awarded wife a divorce from husband based on living separate and apart for more than one year. The trial court considered each of the equitable distribution factors in Code § 20-107.3(E) and classified all of the property as marital. The trial court equally divided the marital property and valued the restaurant at the higher value as determined by Martin. The trial court awarded the restaurant to husband and the marital residence to wife. As a result of its equitable distribution award, husband was ordered to pay wife $67,400 for the difference in the marital property each party received. The trial court also considered the spousal support factors in Code § 20-107.1 and awarded wife spousal support in the amount of $5,000 per month. It awarded joint legal custody of the minor children to both parties and primary physical custody to

---

[1] At the time of the final hearing, only two children were minors.

wife. The trial court also calculated child support pursuant to the guidelines and awarded wife

$20,000 for her attorney's fees. The trial court entered a final decree of divorce on July 29,

2015. This appeal followed.

ANALYSIS

*Assignment of Error #1 – Child Support*

Husband argues that the trial court "erred in awarding the wife, child support in the sum

of $2,240.00 since the trial judge refused to consider all evidence relevant to the issue." In his

opening brief, husband contends that the child support calculation is incorrect and that the trial

court erroneously deviated from the guidelines. He asserts that based on a combined monthly

gross income of $18,000, the correct amount of child support should have been $1,985 per

month, and his obligation should have been $1,424.77 per month.

Husband raises this argument for the first time on appeal. He attached objections to the

final decree of divorce, and the objection relating to this assignment of error stated:

> The Defendant objects to the award of child support in the sum of
> $2,240. Our objections are based on the fact that the father is
> earning $8,000 per month and the wife is earning $5,000 per
> month and that the father's child support obligation is 61.6% and
> the wife's child support obligation is 38.4%.

On appeal, husband's argument does not relate to the calculation of the parties' income, as was

his objection to the final decree, but rather, his argument concerns the guideline amount.

Accordingly, this Court will not consider husband's first assignment of error. See Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an

argument on appeal which was not presented to the trial court."); Rule 5A:18.

*Assignment of Error #2 – Equitable Distribution Award*

Husband's second assignment of error states, "The trial judge erred in awarding the wife

a monetary award from the husband in the amount of $67,400.00 by not declaring the parties'

interest as marital or separate, nor considering how and when the assets were acquired in determining the amount of any monetary award."  Husband's argument in his opening brief does not relate to this assignment of error; therefore, the second assignment of error is waived.  See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) ("Failure to adequately brief an assignment of error is considered a waiver." (citation omitted)).

Husband raises new arguments in his brief with respect to the second assignment of error. He contends the trial court abused its discretion by awarding $67,400 to wife because "the trial judge misapplied Code § 20-107.3 by taking into consideration, the parties capacity, needs and financial resources of the parties."  Since this argument was not raised in his assignment of error, the Court will not consider it.  See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the [assignments of error] . . . we, therefore, decline to consider [it] on appeal").

*Assignment of Error #3 – Attorney's Fees and Costs*

Husband argues that the trial court erred by awarding wife $20,000 for her attorney's fees "with no explanation as to a proper showing of what is reasonable."

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).  "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife submitted an exhibit showing that as of May 19, 2015, she incurred $27,517.50 in attorney's fees and $15,503.69 in costs.  The exhibit indicated that additional expenses were expected.

Husband argues that the trial court's letter opinion did not "give any justification or explanation as to the reasonableness of the award of attorney fees." To support his argument that the trial court erred in awarding wife $20,000, husband specifically notes that the trial court excluded the testimony of wife's handwriting expert. However, in its letter opinion, the trial court ordered wife to be solely responsible for the fees for that expert.

Contrary to husband's arguments, the record supports the trial court's award of $20,000 to wife for her attorney's fees.

*Assignment of Error #4 – Business Valuations*

Husband argues that the trial court erred by ordering that Corbin and Company value the restaurant because the trial court did not have the authority to appoint an accounting firm for the valuation of the restaurant and "the testimony of the expert witness did not prove helpful to the trial court."

Husband states in his opening brief that "the statute does not give the trial judge authority to appoint an accounting firm to do valuation of the parties' restaurant."[2] However, the record reveals that husband did not make a timely objection to the trial court's action. In April 2013, wife filed a "Motion for an Award of Fees and Costs to Carry on Suit," in which she requested an "award of fees and costs to allow her to retain an expert to determine the value of the Shun Xing Chinese Restaurant and carry on this suit." Husband filed a "Notice of Motion in Opposition to Plaintiff's Motion for an Award of Fees and Costs to Carry on Suit" and asked the court to deny wife's request. He further stated that "costs, if any, be shared for any unbiased expert to determine the value of the Shun Xing Chinese Restaurant" because the "ownership, interests and valuation of the Shun Xing Chinese Restaurant is a matter important to this case, the Court and both of the parties, not just to the Plaintiff." The trial court held a hearing on the

_____

[2] Husband does not specify to what statute he is referring.

- 5 -

matter on May 8, 2013.[3] On June 13, 2013, the trial court entered an order, which addressed the valuation of the restaurant. The trial court ordered as follows:

> Patrick E. Corbin, CPA, is appointed to evaluate the Shun Xing Chinese Restaurant for a fee of $6,000.00. Defendant shall pay 85% or $5,100.00 and the Plaintiff shall pay %15 [sic] or $900.00. Whatever the amount Mr. Corbin requires as a retainer is to be paid (85% and %15 [sic]) within 30 days of May 8, 2013 and the balance, if any, on the completion of the evaluation.

Husband endorsed the order as "Seen and Objected to denial of motion for sanctions and for award of fees and costs to carry on suit." The record does not indicate that husband objected to the appointment of Corbin when the trial court appointed the accounting firm.[4] A party is not permitted to "approbate and reprobate, by ascribing error to an act by the trial court that comported with his representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000) (citation omitted). Accordingly, this Court will not address the portion of husband's assignment of error regarding the authority of the trial court to appoint the accounting firm.

Husband also argues that "the testimony of the expert witness did not prove helpful to the trial court." He contends the trial court was forced to "guess" at the value of the restaurant because Martin presented two different valuations. However, Martin explained that there was "conflicting financial data concerning the Company that will make a material difference in the value of the Company." Husband told Martin that the Schedule Cs from the parties' tax returns accurately reflect the restaurant's income and expenses, whereas wife told Martin that the Schedule Cs did not include many of the restaurant's cash transactions. Wife provided Martin

---

[3] The record does not include a transcript or written statement of facts from this hearing.

[4] On the final decree of divorce, husband indicated that he objected "to the use of Corbin and Company Accountants because there was no authority of the Chesapeake Circuit Court to appoint an accounting firm for the valuation of the restaurant." This objection on the final decree was not timely. Rule 5A:18; see Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) ("To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made.").

with handwritten records showing cash sales, cash paid for supplies, and cash wages paid to employees. Martin testified that the handwritten records reflected sales that were "slightly more than double what the Schedule C's reported." Since there was such a large discrepancy, Martin prepared two valuations. Under Scenario #1, using just the Schedule Cs, Martin determined that the value of the restaurant was $34,000. Under Scenario #2, using the Schedule Cs and the handwritten records, Martin determined that the value of the restaurant was $399,000. Her reports and testimony explained how she arrived at the figures. She also opined that Scenario #2 best represented the actual value of the restaurant, but since there was conflicting data, she provided both valuations for the court to decide whether the handwritten documents were valid.

A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994).

The trial court determined that Scenario #2 was valid and valued the restaurant at $399,000. Contrary to husband's arguments, there is sufficient evidence to support the trial court's findings. Martin's reports provided detailed information about her valuations. Both counsel questioned her extensively about her reports.

Based on the record, the trial court did not err in valuing the restaurant.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.